# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VETA KELLNER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ) <br> ACTING COMMISSIONER ) <br> OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Case No. CIV-20-516-SM |

## MEMORANDUM OPINION AND ORDER

Veta Kellner (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 24, 25.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings because the Administrative Law Judge (ALJ) (1) erred in his step-five direct application of the grids, and (2) denied Plaintiff a full and fair hearing. Doc. 28, at 2-14. After a careful review

of the record (AR), the parties' briefs, and the relevant authority, the Court reverses the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I.     Administrative determination.

### A.     Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see id.* § 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.     Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[1]     Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 15-24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found that Plaintiff:

(1) had not engaged in substantial gainful activity since November 16, 2017, the alleged onset date;

(2) had the following severe medically determinable impairments: Crohn's disease, status-post partial colectomy, and cannabis dependence;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] (RFC) to perform sedentary work;

(5) was unable to perform any past relevant work;

(6) could perform jobs that exist in significant numbers in the national economy; and so

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).

(7) "a finding of 'not disabled' is directed by Medical-Vocational Rule 201.25", so she had not been under a disability from November 16, 2017, through October 29, 2019.

*See* AR 16-24.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see* AR 1-8, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the

4

evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

## B. The ALJ erred at step five.

### 1. Plaintiff's arguments.

Plaintiff crafts her first challenge as a legal issue, arguing that the

> ALJ Erred as a Matter of Law in Finding and Concluding That There are Jobs That Exist in Significant Numbers in the National Economy That the Claimant Can Perform By Directing a Finding of Not Disabled Based on the Medical-Vocational Guidelines and an RFC that Ms. Kellner Could Perform the Full Range of Sedentary Work Despite Asking Hypothetical Questions Which Limited the Hypothetical Claimant to Additional Restrictions.

Doc. 28, at 3.

Plaintiff challenges the ALJ's reliance on the Medical-Vocational Guidelines for his decision. The ALJ stated: "Based on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 201.25." AR 23. Plaintiff argues the ALJ erred because Plaintiff has nonexertional impairments and limitations, which preclude the ALJ from making such a conclusion. Doc. 28, at 5.

Plaintiff also objects to the ALJ's heavy reliance on the State agency consultant's opinion, which was based on "insufficient evidence." *Id.* at 7-8. She also argues her alleged failure to respond to the Agency's inquiries "gives

5

credibility to [her] testimony of being forgetful, not being able to keep track of things to do, and just generally not being able to remember even important things." *Id.* at 8. Plaintiff's counsel argues that the agency sent the forms to the incorrect addressee, and that the agency never heard back from that person, who was not Plaintiff's representative. Doc. 32, at 3.

Plaintiff points to her testimony to support her mental health limitations. Doc. 28, at 6 (citing AR 49-50). She also testified she has a prescribed "service" or "emotional support" dog and that she continues taking the anxiety medication she still has left since her insurance coverage ended. AR 40-41, 49. She also argues that the ALJ asked the vocational expert a hypothetical, which included nonexertional limitations – but disregarded these limitations in relying on the grids. Doc. 28, at 9-10. Finally, she argues all of the ALJ's errors denied her a full and fair hearing. *Id.* at 11-13.

### 2. The Commissioner's response.

The Commissioner responds that the ALJ found Plaintiff noncompliant with treatment, had a therapy dog, and presented several times with normal mental status examinations. Doc. 31, at 3; *see* AR 18. She argues Plaintiff can point to no objective evidence supporting her alleged mental limitations, as was her burden. Doc. 31, at 9-12. And because he relied on the grids, the ALJ

did not need the vocational expert testimony nor was he bound by it. *Id.* at 12-14.

> **3. The Court concludes the ALJ's application of the grids, predicated upon his reliance on the state agency consultant's opinion, was error.**

The ALJ reviewed the objective evidence of Plaintiff's depression and anxiety. AR 18. He concluded "[t]here is very limited mention of mental health issues." *Id.* Most of the evidence of mental health limitations are subjective complaints. *Id.*

The ALJ considered the four broad areas of mental functioning and found only mild limitations in each. *Id.* at 18-19. The ALJ also relied heavily on the State agency psychological consultant, "who found [Plaintiff's] depression and anxiety to be non-severe." *Id.* at 18. The ALJ also found that Plaintiff "failed to return forms after multiple attempts to reach her by phone or mail on September 12, 2018, September 27, 2018, October 1, 2018[,] and October 10, 2018." *Id.* As a result, "State agency psychological consultant[], William H. Farrell, Ph.D., opined insufficient evidence to determine the severity of the condition." *Id.* The ALJ also noted Plaintiff expressed "fears of" her colostomy bag "bursting in public." *Id.* at 20; *see also id.* at 40-49 (Plaintiff's testimony).

The grids direct an ultimate finding of "disabled" or "not disabled" based on a limited number of medical-vocational factors, specifically, the claimant's

age, education, past relevant work experience, and maximum exertional capacity. The functional requirements of each exertional level, e.g., "sedentary" and "light" work, are defined in the regulations at 20 C.F.R. §§ 404.1567 and 416.967. A non-exertional impairment is any mental, sensory, skin, postural, manipulative, or environmental impairment that results in a limitation other than those contemplated by the exertional category to which the claimant is assigned. *See id.* §§ 404.1569a(c); 416.969a(c). If a claimant is found to suffer from a non-exertional impairment that significantly limits her ability to do a full range of work at a designated exertional level, the Commissioner may not deny benefits based on a direct application of the grids, but rather must rely on vocational testimony or some other vocational source that considers the effect of the claimant's non-exertional limitations upon her ability to work. *See e.g., Mullens v. Barnhart*, 165 F. App'x 611, 612 (10th Cir. 2006). If a non-exertional impairment is present, the Commissioner may rely on a particular grid rule only as a "framework for decisionmaking." *See* 20 C.F.R. pt. 404, subpt. P, App. 2, § 200.00(e); *id.* §§ 404.1569a(d), 416.969a(d).

As noted above, the ALJ found Plaintiff to be "not disabled" based on a direct application of Grid Rule 202.25, finding she could perform the full range of sedentary work.

At the hearing, the ALJ asked the vocational expert about jobs that existed at the sedentary work level with limitations to simple tasks and instructions and no public interaction. AR 54. The vocational expert identified three job examples: hand painter stainer, document specialist, and telephone quotation clerk. *Id.* When asked by Plaintiff's counsel, the vocational expert explained that each of these jobs required frequent reaching, handling, and fingering. *Id.* at 55. The vocational expert expressed uncertainty about controlling a service animal while performing these jobs, but ultimately did not think there would be any jobs available under such circumstances. *Id.* at 56.

The ALJ gave great weight to the State agency psychological consultant, who found Plaintiff's depression and anxiety to be non-severe. AR 18.[3] The ALJ

---

[3] For applications filed on or after March 27, 2017, such as Plaintiff's applications, an ALJ need not defer to or give any specific weight to medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the ALJ considers them using the criteria in 20 C.F.R. §§ 404.1520c(c), 416.920c(c): (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. The most important criteria for determining persuasiveness are the supportability and consistency. *Id.* §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2).

> "Supportability" examines how closely connected a medical opinion is to the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." "Consistency," on the other hand, compares a medical opinion to the evidence: "The more consistent a medical

concluded that the State agency psychological consultant "opined insufficient evidence to determine the severity of the condition" based on Plaintiff's failure to return forms. *Id.* The Court agrees with Plaintiff that the ALJ's logic is circular. And the undersigned agrees with Plaintiff's counsel that the agency sent the forms to the incorrect party. AR 82-92, 93-103.

The Court has some confusion and concern about the vocational expert's testimony. The ALJ posed a hypothetical to the expert, and the expert provided three examples of jobs someone with such limitations could perform. Though the ALJ need not rely on a vocational expert's opinion, the testimony and the vocational expert's subsequent conclusion that a person with a service dog could not perform these jobs, clouds the ALJ's decision-making process.

The Court finds there is very little medical evidence directly addressing the ALJ's RFC assessment and the ALJ made unsupported findings about Plaintiff's functional abilities. The ALJ's inability to make proper RFC "findings may have sprung from his failure to develop a sufficient record on

---

opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."

*Zhu v. Comm'r of Social Security*, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (internal citation omitted).

which those findings could be based." *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). Because the disability hearing is nonadversarial, an ALJ must develop the record even where, as here, the claimant is represented by counsel. *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir.1993); *accord Hawkins v. Chater*, 113 F.3d 1162, 1164, 1168 (10th Cir.1997). Even though Plaintiff's counsel did not request any additional record development, or offer an explanation about the non-returned forms, the Court concludes the record clearly establishes the need for additional evidence. The Court finds that the ALJ was obliged to obtain more evidence regarding Plaintiff's functional limitations. *See Hawkins*, 113 F.3d at 1167-68.

The Commissioner states the ALJ "reasonably and generously limited Plaintiff to" the full range of sedentary work. Doc. 31, at 8. To the extent the Commissioner argues harmless error, conceding "the ALJ touched only lightly on Plaintiff's mental issues," *id.* at 10, the Court disagrees. In finding Plaintiff's mental limitations non-severe, the ALJ found mild limitations in each of the four broad areas of mental functioning. AR 18-19. The ALJ found Plaintiff's psychotropic medications "relatively effective in managing [her] symptoms and controlling mood." *Id.* at 19. The ALJ relied heavily upon the

11

State agency consultant's opinion, an opinion based on insufficient evidence. *Id.* at 18. Given the Court's conclusion, the Court need not make a finding on the fairness of the hearing.

### III. Conclusion.

Based on the above, the Court reverses and remands to the Commissioner for further administrative proceedings. On remand, the ALJ may consider obtaining an evaluation of Plaintiff's functional limitations from a treating doctor(s) and/or a detailed evaluation from a consulting doctor, who personally examines her.

**ENTERED** this 5th day of October, 2021.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE